**BRETT A. SHUMATE**
Assistant Attorney General, Civil Division
**CODY M. POPLIN**
Deputy Assistant Attorney General, Civil Division
**SCOTT E. BRADFORD, OSB #062824**
United States Attorney, District of Oregon
**HILARY K. PERKINS**
Director, Enforcement & Affirmative Litigation Branch
**JACQUELINE COLEMAN SNEAD**
Deputy Director, Affirmative Litigation Section
**BRANDON D. NEUMAN, CA SB #319067**
Trial Attorney, Enforcement & Affirmative Litigation Branch
Civil Division, U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
(202) 227-7416
Brandon.Neuman@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PORTLAND; KEITH WILSON, Mayor of Portland, in his official capacity; ROBERT TAYLOR, City Attorney of Portland, in his official capacity,<br><br>Defendants. | **COMPLAINT**<br><br>Case No.: 3:26-cv-2260 |

Plaintiff, the United States of America, by and through its undersigned counsel, brings this civil action for declaratory and injunctive relief, and alleges as follows:

## INTRODUCTION

1. Federal law prohibits state and local governments from regulating the activities of the Federal Government. *United States v. Washington*, 596 U.S. 832, 838 (2022). The Ninth Circuit just this week reaffirmed that "[t]he Supremacy Clause prohibits States from directly regulating federal operations even when regulating state operations in the same manner," and "[a] state or local law that directly regulates the conduct of the federal government or discriminates against it is invalid, even if it is no more restrictive than federal law." *United States v. California*, ___ F.4th ___, 2026 WL 3071018 at *14 (9th Cir. Oct. 14, 2026)(*citing Johnson v. Maryland*, 254 U.S. 51, 56-57 (1920) and *United States v. City of Arcata*, 629 F.3d 986, 991–92 (9th Cir. 2010)).

2. Despite these well-established principles and binding precedent, the City of Portland recently enacted a law that purports to do exactly what the Constitution says they cannot: regulate how federal law enforcement agencies and their officers carry out their official duties in that jurisdiction.

3. Specifically, on May 27, 2026, the Portland City Council enacted Portland City Code ("PCC") § 23.30 to regulate how and when law enforcement officers display their identification and use facial coverings. PCC § 23.30 took effect on June 26, 2026.

4. Prior to enacting PCC § 23.30, Defendants recognized the constitutional infirmity of Portland's new law. Defendant Taylor acknowledged that the *United States v. California*, 173 F.4th 1060 (9th Cir. 2026) "decision is binding on us." Portland City Council, Hearings on Ordinance 192184, May 13, 2026, Minutes at *75, 2:17:50-2:18:31, https://www.portland.gov/council/agenda/2026/5/13. He even explained to the City Council that "it is unconstitutional for state or local governments to try to directly regulate" the Federal Government, "and if [PCC § 23.30] is passed and it was challenged . . . that [it] would likely be

held unconstitutional." *Id.* at *94, 3:14:00-3:15:03; and Portland City Council, Hearings on Ordinance 192184, May 27, 2026, Minutes at *94, 3:29:00-3:30:50, https://www.portland.gov/council/agenda/2026/5/27.

5. Defendant Wilson, in a memo to the City Council, predicted that PCC § 23.30 "would attract a court challenge and that the city would likely lose." Yesenia Amaro, *Mayor asks Portland councilor to drop plan to ID and unmask federal agents*, The Oregonian, April 30, 2026, https://www.oregonlive.com/politics/2026/04/mayor-asks-portland-councilor-to-drop-plan-to-id-and-unmask-federal-agents-heres-why.html

6. City Councilmember Steve Novick, an attorney, likewise recognized that if the law is challenged, "it is likely we will fail" because the Ninth Circuit decision's "language is decisive, and that panel is never going to say . . . the law we're proposing here is legal." Portland City Council, Hearings on Ordinance 192184, May 13, 2026, Minutes at *73-74, 2:12:00-2:14:15, 2:15:30-2:16:20; https://www.portland.gov/council/agenda/2026/5/13.

7. A majority of the Council decided to flout the Constitution and Ninth Circuit precedent by "taking the longshot" and enacting PCC § 23.30. Portland City Council, Hearings on Ordinance 192184, May 13, 2026, Minutes at *73-74, 2:12:00-2:14:15, 2:15:30-2:16:20; https://www.portland.gov/council/agenda/2026/5/13; Ordinance 192184, Passed as Amended, May 27, 2026 https://www.portland.gov/council/documents/ordinance/passed/192184.

8. According to City Councilmember Angelita Morillo, "people must push the limits . . . . if we were only ever to do what was in the bounds of the law or what was already legal based on prior precedent, then we would never more forward." Portland City Council, Hearings on Ordinance 192184, May 13, 2026, Minutes at *98, 3:22:15-3:24:36; https://www.portland.gov/council/agenda/2026/5/13. She even foreshadowed that PCC § 23.30 "is

going to end up being litigated in federal court at some point." *Id.* That time has come.

9. Courts across the country have enjoined materially similar state and local laws as unconstitutional direct regulations of the Federal Government. *See, e.g.*, *California*, 2026 WL 3071018 at *5 ("we conclude that the United States is certain to succeed"); *United States v. California*, 173 F.4th at 1069; *United States v. Virginia*, __ F. Supp. 3d __, No. 26-0545, 2026 WL 2411521, at *15 (E.D. Va. Aug. 18, 2026); *United States v. City of Phila.*, 838 F. Supp. 3d 436, 456 (E.D. Pa. 2026); *United States v. New York*, __ F. Supp. 3d __, No. 26-1360, 2026 WL 2225423, at *25 (N.D.N.Y. Aug. 3, 2026). This Court should join the growing number of other courts that are putting an end to this type of blatant unconstitutional regulation of the Federal Government and invalidate and enjoin PCC §§ 23.30.030, 23.30.100 (collectively the "Challenged Laws").

## JURISDICTION AND VENUE

10. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345.

11. Venue is proper under 28 U.S.C. § 1391(b)(1) because all defendants reside in this district.

12. The Court has the authority to provide the relief requested under 28 U.S.C. §§ 1651, 2201, and 2202, and its inherent equitable powers.

## PARTIES

13. Plaintiff, the United States of America, enforces federal laws through its Executive agencies. Those agencies include but are not limited to the Department of Justice (DOJ) and its component law enforcement agencies—e.g., the Federal Bureau of Investigation (FBI) and the Drug Enforcement Administration (DEA)—and the Department of Homeland Security (DHS) and its component law enforcement agencies—e.g., U.S. Immigration and Customs Enforcement

(ICE) (which includes Homeland Security Investigations (HSI)) and U.S. Customs and Border Protection (CBP).

14. Defendant City of Portland is a municipality within the State of Oregon.

15. Defendant Keith Wilson is the Mayor of Portland. The mayor may authorize the City of Portland to bring lawsuits "seeking injunctive relief requiring officers of an agency to abide by the masking and identification standards." PCC § 23.30.100. He is being sued in his official capacity.

16. Defendant Robert Taylor, as the City Attorney of Portland, would bring lawsuits for injunctive relief to require officers to abide by the masking and identification standards. *Id.* §§ 3.10, 23.30.100. He is being sued in his official capacity.

## BACKGROUND

### I. FEDERAL LAW ENFORCEMENT

17. The Supremacy Clause of the United States Constitution mandates that "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. The Supremacy Clause incorporates principles of intergovernmental immunity, and thus, a state enactment is invalid if it "regulat[es] the United States directly or discriminat[es] against the Federal Government or those with whom it deals." *Washington*, 596 U.S. at 838 (citation omitted).

18. The President has a constitutional duty to "take Care that the Laws be faithfully executed." U.S. Const. art. II § 3. Subordinate officers in various federal agencies, including DOJ and DHS, and their components, assist the President in discharging that duty. *See Seila L. LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197, 203-04 (2020); *see also Tennessee v. Davis*, 100 U.S.

257, 263 (1879) (stating that the Federal Government "can act only through its officers and agents").

19. Federal law empowers the Executive to provide for and dictate the conduct of federal law enforcement officers in carrying out their official duties. *See, e.g.*, 5 U.S.C. § 301 (authorizing the head of an Executive or military department to "prescribe regulations for the government of his department [and] the conduct of its employees"); 28 U.S.C. § 509 (vesting all functions of other officers, agencies, and employees of DOJ in the Attorney General); 8 U.S.C. § 1103(a)(2) (giving the Secretary of DHS the power to "control, direct[], and supervis[e]" all DHS employees).

20. Federal law similarly empowers the Executive to provide for and dictate federal law enforcement officers' uniforms and equipment when carrying out their official duties. *See, e.g.*, 5 U.S.C. § 5901 (directing the head of each federal agency to furnish its employees a uniform or an allowance for a uniform); 29 U.S.C. § 668 (requiring heads of federal agencies to, as part of their occupational safety and health programs, acquire, maintain, and require the use of safety equipment, personal protective equipment, and devices reasonably necessary to protect employees); 10 U.S.C. § 723(b)(1) (providing exception to certain identification requirements to individuals who "do not wear a uniform or other distinguishing clothing or equipment in the regular performance of their official duties").

21. Because the Federal Government's authority to execute the laws "extend[s] over the whole territory of the Union, acting upon the States and upon the people of the States," federal officers "must act within the States." *Davis*, 100 U.S. at 263. Accordingly, federal law enforcement officers carry out their duties within the states and their localities, including the City of Portland.

22. For example, the DEA enforces our Nation's controlled substances laws. *See*

*generally* The Controlled Substances Act, *codified as amended at* 21 U.S.C. § 801, *et seq.* In carrying out that mission, the DEA investigates and aids in the prosecution of major violators of controlled substances laws; seizes and forfeits assets derived from illicit drug trafficking; and manages a national drug intelligence program in cooperation with federal, state, local, and foreign officials. *See* 28 C.F.R. § 0.100–0.101.[1]

23. As another example, the FBI is charged with rooting out violent crime, defending the homeland against terrorist attacks, and investigating and combating cybercrime, among other duties. It carries out this mission through numerous operations throughout the country and in partnership with federal, state, local, and foreign officials. *See id.* § 0.85.[2]

24. DHS, through ICE and CBP, is responsible for enforcing our Nation's immigration laws, including the Immigration and Nationality Act of 1952 (as amended), Pub. L. 82–414, ch. 477, 66 Stat. 163 (1952) (codified at 8 U.S.C. § 1101*, et seq.*) ("INA"), which, pursuant to Congress's power to "establish an uniform Rule of Naturalization," U.S. Const. art. I § 8, cl. 4, makes up the framework for the "governance of immigration and alien status," *see Arizona v. United States*, 567 U.S. 387, 395 (2012).

25. The INA confers upon the Executive Branch broad authority to inspect, investigate, arrest, detain, and remove aliens who are unlawfully present in the United States. *See, e.g.*, 8 U.S.C. §§ 1182, 1225–29a, 1231. As part of those enforcement efforts, DHS, through HSI, also investigates transnational crime and threats, including incidents of human smuggling and human trafficking. *See* 8 U.S.C. §§ 1324, 1232.

---

[1] *See also Mission Statement*, DEA, https://perma.cc/Y2FW-H3BV.
[2] *See also About, Mission and Priorities*, FBI, https://www.fbi.gov/about/mission (last visited Sept. 18, 2026).

## II. PORTLAND CITY CODE § 23.30

26. On May 27, 2026, Portland City Council created PCC § 23.30 by enacting Ordinance 192184, which prohibits the use of facial coverings, requires badge visibility, and requires "identity verification for individuals conducting law enforcement activities." *See* Ordinance 192184.

27. When creating PCC § 23.30, the City Council declared:

> Immigration enforcement officers should be visibly identifiable during any civil immigration enforcement activities when they may directly engage members of the public or when members of the public are present, including actions involving civil and criminal authority, except when such work is necessarily undercover.
>
> Portland Ordinance 192184 § 1(6).

28. The City Council identified "immigration enforcement sweeps" involving individuals or officers "wearing facial coverings" or "failing to provide identification" as reasons for enacting PCC § 23.30. Portland Ordinance 192184 § 1(2).

29. The City Council declared its aim was "to ensure all law enforcement officers in Portland are clearly identifiable." Portland Ordinance, Purpose of proposed legislation and background information, https://www.portland.gov/council/documents/ordinance/passed/192184, accessed October 6, 2026.

30. PCC § 23.30 defines the term "officer [to] mean[] *any* sworn law enforcement officer employed by or operating under the jurisdiction of *any* government agency, or *any* person purporting to act under the color of law as a law enforcement officer," which includes the Federal Government. PCC § 23.30.020 (emphasis added). Therefore, when PCC § 23.30 speaks to "law enforcement officers," it speaks directly to federal law enforcement officers.

31. PCC § 23.30.030 specifically requires officers to "comply . . . while on duty and actively engaged in official law enforcement activities." Officers are further required to "visibly

display their agency-issued badge, and permanent identifying number or nametag (including their last name) on their outermost garment and carry their agency-issued identification document" with few exceptions. PCC § 23.30.030(C)(1).

32. Further, "[o]fficers operating in the City of Portland shall not intentionally conceal or obscure their faces through the use of facial coverings" again with few exceptions. PCC § 23.30.030(C)(2).

33. PCC § 23.30.030(D)(2) also mandates that "[w]hen practical, safe, and tactically feasible, officers will identify themselves to the subject of arrest, holding, or detention."

34. PCC § 23.30.030(E)(1),(3) specifies when federal officers qualify for the "plainclothes operations" exception to the identification and facial covering requirements, with particular limitations on when that exception applies.

35. Through PCC §23.30, Defendant City of Portland "regulates the conduct of law enforcement officers and agencies while performing official duties and shall be implemented through administrative, supervisory, employment, or civil processes authorized by law." PCC § 23.30.100. Additionally, "[t]he Mayor or Council by resolution may authorize the City of Portland to bring a lawsuit seeking injunctive relief requiring officers of an agency to abide by the masking and identification standards of this Chapter that apply to such officers." *Id.*

36. Portland City Code § 23.30 contains a purported savings clause:

> Nothing in this Chapter shall be construed to supersede, limit, or otherwise diminish any rights, protections, or regulatory requirements established under federal law, or under the Americans with Disabilities Act or occupational-safety regulations. Officers shall comply with this Chapter in a manner consistent with all applicable state and federal laws.

*Id.* § 23.30.080. However, notwithstanding this clause, PCC § 23.30 still imposes a ban on facial coverings and imposes identification requirements for federal law enforcement officers and

therefore constitutes unlawful regulations of the Federal Government. *See United States v. California,* No. 26962, 45.1 at *14, *see also Washington*, 596 U.S. at 838.

37. Before commencing this lawsuit, the Department of Justice sent a letter dated October 9, 2026, to Mayor Wilson and City Attorney Taylor, seeking "assurances that this unconstitutional Ordinance will not be enforced against federal officers." Exhibit C. The letter also advised that "federal officers will not comply with Portland's unconstitutional ordinances and will continue to wear masks and not use individual identifiers in their discretion." *Id.*

38. On October 12, 2026, City Attorney Taylor reaffirmed the City's intent to enforce the Ordinance against federal officers, explaining that "[a]ny legal concerns with the Ordinance may be raised and heard in the legal proceeding seeking injunctive relief that would arise in the civil enforcement of the Ordinance." Exhibit D. Mayor Wilson did not respond.

## <u>THE CHALLENGED LAWS ARE UNLAWFUL</u>

39. The Challenged Laws expressly target federal law enforcement officers in the performance of their official duties and improperly demand that federal officers comply with local facial covering prohibitions and identification requirements. Such attempts to regulate the Federal Government under functionally identical laws in other jurisdictions have been repeatedly rejected as unconstitutional overreach under the Supremacy Clause. *See California*, 173 F.4th at 1068; *see also Virginia*, 2026 WL 2411521, at *11; *City of Phila.*, 838 F. Supp. 3d at 456; *New York*, 2026 WL 2225423, at *25.

40. While the Challenged Laws contain limited exceptions, they do not exclude federal officers from their scope and they do not encompass every instance in which the identification and masking requirements could impede federal operations, including, for example, surveillance. *See United States v. California*, 2026 WL 3071018.

41. Due to the nature of law enforcement operations, federal law enforcement officers require flexibility to determine when to announce their identities. For example, CBP and ICE have discretion as to when they permit their officers and agents to wear facial coverings, whether to add or remove individual identifiers, and what identification is provided to members of the public upon request.[3] That is up to the federal agencies and officers based on the facts and circumstances in a particular case and cannot be subjected to any regulation by state or local governments. Removing this flexibility and requiring federal agencies and officers to comply with Portland facial covering bans and identification requirements would undermine officer safety and operational effectiveness.

42. Denying federal agencies and officers discretion in these areas would chill federal law enforcement, threatening the safety of communities in Portland.

43. The Challenged Laws accordingly prevent effective federal law enforcement within the City of Portland and constitute unlawful direct regulation of the Federal Government.

**<u>THE CHALLENGED LAWS HARM THE FEDERAL GOVERNMENT AND THE PUBLIC</u>**

44. The United States suffers a sovereign and irreparable injury from the Challenged Laws. *Arizona v. Yellen*, 34 F.4th 841, 851–53 (9th Cir. 2022); *Vt. Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000); *Virginia*, 2026 WL 2411521, at *14 ("It seems rather clear that being subjected to a state law that regulates an activity that is constitutionally delegated to the federal government is an infringement of the Supremacy Clause that constitutes an irreparable injury."); *see also California*, 173 F.4th at 1069 ("[I]rreparable harm necessarily results from allowing California to enforce a law invalid under the doctrine of intergovernmental immunity.");

[3] For instance, federal regulations provide that "an immigration officer who is authorized to execute an arrest" announce himself and the purpose of the arrest "as soon as it is practical and safe to do so." 8 C.F.R. § 287.8(c)(2)(iii).

*United States v. Ekblad*, 732 F.2d 562, 563 (7th Cir. 1984) ("The United States has standing to seek relief from actual or threatened interference with the performance of its proper governmental functions."). The United States has sovereign authority to manage federal law enforcement activities and, under the Supremacy Clause, need not cede that authority to Portland by complying with their purported requirements for federal law enforcement officers.

45. Even beyond the sovereign injury, compliance with Section 23.30 would endanger officers and reduce operational effectiveness by, among other things, subjecting them to standards that conflict with and differ materially from applicable federal standards and policies.

46. Federal law enforcement agents and officers will not comply with the Challenged Laws, which are unconstitutional and recklessly disregard officer safety, public safety, and federal operational needs.

47. Law enforcement historically has been a dangerous job but now is even more so. Protecting the personal identities of federal officers, and by extension their families, is necessary in part due to the increasing threats of targeted harassment and retaliation against federal officers and agents for simply doing their jobs enforcing the laws enacted by Congress. While such threats have always existed, the volatile political environment has increased such threats exponentially, requiring new tactics to mitigate the harms to officer safety and operational effectiveness.

48. For instance, members of the public photograph, film, and publish federal enforcement actions online and include the personal identities of federal officers for the sole purpose of intimidation and harassment. This content is directly used by members of organized crime and transnational criminal organizations in serious and potentially deadly ways.

49. Some individuals photograph officers' faces and run them through facial recognition applications that search social media and doxxing sites (*e.g.* ICESpy.org). Once a

match is made, people can search for officers' family members, including children, and disseminate this information online, allowing people to track, harass, and obstruct law enforcement. This opens officers up to harassment, tracking, and assaults in the performance of their duties in the field.

50. Federal agents around the country have recently been targeted for harm, including harassment, assault, and murder. These targeted threats have expanded to include extended family members. Along with unlawful riots targeting ICE facilities in Portland,[4] there have been egregious instances of doxxing and violent threats directed towards federal officers in Portland.[5]

51. Facial coverings can prevent agitators from identifying and tracking officers, especially those using facial recognition or other tools. And while officers almost always wear badges or other indicia identifying themselves as federal officers (with the exception of, for example, surveillance, undercover, or plainclothes operations), personal identifiers carry similar risks that can allow agitators to identify and harass individual officers. Protecting officers' personal identities is particularly important during high-risk enforcement operations involving individuals with violent criminal history, gang affiliations, transnational criminal organizations, and known or suspected terrorists.

52. Facial coverings and removal of personal identifiers also prevent suspects from

---

[4] *See* Alexandra Koch, Fox News, *Patriotic ICE officer replaces American flag after protesters burned existing banner at Portland facility*, (July 8, 2025), https://www.foxnews.com/us/patriotic-ice-officer-replaces-american-flag-protesters-burned-existing-banner-portland-facility.

[5] *See e.g.* DHS, *Portland Rioter Facing Criminal Charges After He Threatened to Kill ICE Officers and Sexually Assault Their Wives*, (Dec. 2, 2025), https://www.dhs.gov/news/2025/12/02/portland-rioter-facing-criminal-charges-after-he-threatened-kill-ice-officers-and; DHS, *Anarchists and Rioters in Portland Illegally Dox ICE Officers and Federal Law Enforcement*, (July 11, 2025), https://www.dhs.gov/news/2025/07/11/anarchists-and-rioters-portland-illegally-dox-ice-officers-and-federal-law.

identifying officers who may be involved in future enforcement actions. Because suspects who recognize officers may take preemptive actions to evade apprehension and obstruct enforcement efforts, flexibility is critical for maintaining operational effectiveness, especially in areas where repeat offenders or organized criminal networks are prevalent. The existence of websites that contain information regarding individual officers' identities can also undermine undercover operations and plainclothes missions. *See, e.g.*, supra ¶ 47.

53. Finally, the threat of enforcement for noncompliance will only further exacerbate the chilling effects of these laws. Even though the federal law enforcement agencies have made clear that they do not intend to comply with the Challenged Laws, individual officers might be chilled because they face a choice of whether to wear facial coverings or identify themselves and their agencies when it may be dangerous to themselves, others, and the operation, or face potential citations, court proceedings, and the threat of significant penalties. Either option presents serious risks and harms and purposefully works to chill the enforcement of federal law.

54. Moreover, enforcement is certainly impending: § 23.30 has already taken effect; the challenged provisions plainly apply to federal law enforcement officers and carry penalties for noncompliance; numerous officers operating within Portland routinely engage in the very conduct the Ordinance proscribes; and the City has indicated its intent to enforce its provisions.

55. The Challenged Laws also harm public safety because any interference with federal enforcement leaves dangerous individuals at large in Portland, compromises undercover operations that protect the broader community against gangs and trafficking organizations, and risks pushing federal officers to scale back enforcement in the City—leaving residents with less protection than people in jurisdictions without such laws.

56. Bystanders near enforcement actions also face added risk when officers' identities

are compelled to be disclosed in real time.

57. More broadly, the public has an independent interest in the Federal Government's ability to carry out its enforcement functions without obstruction by the Challenged Laws.

## CLAIM FOR RELIEF

### COUNT I

### VIOLATION OF THE SUPREMACY CLAUSE – PORTLAND CITY CODE §§ 23.30.030, 23.30.100 (UNLAWFUL REGULATION OF THE FEDERAL GOVERNMENT)

58. Plaintiff hereby incorporates paragraphs 1 through 57 of the Complaint as if fully stated herein.

59. The Supremacy Clause of the United States Constitution mandates that "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2.

60. The Supremacy Clause incorporates principles of intergovernmental immunity, and thus, a state enactment is invalid if it "regulat[es] the United States directly *or* discriminat[es] against the Federal Government or those with whom it deals." *Washington*, 596 U.S. at 838 (quoting *North Dakota v. United States*, 495 U.S. 423, 435 (1990) (plurality opinion)); *California*, 173 F.4th at 1067; *Virginia*, 2026 WL 2411521, at *9; *City of Phila.*, 838 F. Supp. 3d at 450; *New York*, 2026 WL 2225423, at *6.

61. Section 23.30.030(C)(1) purports to require federal law enforcement officers to display visible identification while performing their duties in Portland, subject to certain limited exceptions under PCC § 23.30.030(E).

62. Section 23.30.030(C)(2) purports to ban federal law enforcement officers from

wearing facial coverings while performing their duties in Portland, subject to certain limited exceptions under PCC § 23.30.030(E).

63. Section 23.30.030(D)(2) requires federal law enforcement officers to "identify themselves to the subject of arrest, holding, or detention."

64. Section 23.30 "regulates the conduct of law enforcement officers and agencies while performing official duties and shall be implemented through administrative, supervisory, employment, or civil processes authorized by law." PCC § 23.30.100.

65. Further, Defendant Wilson or the City Council "may authorize the City of Portland to bring a lawsuit seeking injunctive relief requiring officers of an agency to abide by the masking and identification standards." PCC § 23.30.100.

66. Portland's enforcement of PCC § 23.30 against federal law enforcement officers constitutes unlawful regulation of the Federal Government.

67. Accordingly, PCC §§ 23.30.030, 23.30.100 are invalid under the Supremacy Clause and its application to the Federal Government should be enjoined.

## PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests the following relief:

A. That this Court enter a judgment declaring that PCC §§ 23.30.030, 23.30.100 violate the Supremacy Clause and that their application to federal law enforcement officers is therefore invalid;

B. That this Court preliminarily and permanently enjoin Defendants, as well as their successors, agents, servants, employees and attorneys, and all those working in concert with them, from enforcing PCC §§ 23.30.030, 23.30.100 against federal law enforcement officers;

C. That this Court award the United States its costs and fees in this action; and

D. That this Court award any other relief it deems just and proper.

DATED: October 15, 2026

Respectfully Submitted

SCOTT BRADFORD
United States Attorney
District of Oregon

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

CODY M. POPLIN
Deputy Assistant Attorney General
Civil Division
Enforcement & Affirmative Litigation Branch

HILARY K. PERKINS
Director
Enforcement & Affirmative Litigation Branch

JACQUELINE COLEMAN SNEAD
Deputy Director
Affirmative Litigation Section

/s/ Brandon D. Neuman
BRANDON D. NEUMAN (CA Bar 319067)
Trial Attorney
Enforcement & Affirmative Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
(202) 227-7416
Brandon.Neuman@usdoj.gov

*Attorneys for the United States of America*