NAOMI SHEFFIELD, OSB No. 170601
Chief Deputy City Attorney
naomi.sheffield@portlandoregon.gov
MICHAEL K. PORTER, OSB No. 211377
Senior Deputy City Attorney
mike.porter@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Attorneys for Defendant City of Portland, Keith Wilson, and Robert Taylor*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **THE UNITED STATES OF AMERICA,**<br><br>**PLAINTIFF,**<br><br>v.<br><br>**CITY OF PORTLAND**; **KEITH WILSON**, Mayor of Portland, in his official capacity; **ROBERT TAYLOR**, City Attorney of Portland, in his official capacity,<br><br>**DEFENDANTS.** | **Case No. 3:26-cv-02260-YY**<br><br>**DEFENDANTS CITY OF PORTLAND, KEITH WILSON, AND ROBERT TAYLOR'S FRCP 12(b)(1) MOTION TO DISMISS** |

## I. CERTIFICATE PURSUANT TO LOCAL RULE 7-1

Counsel for Defendants City of Portland, Robert Taylor and Keith Wilson (collectively, "City Defendants") certify that counsel for City Defendants and counsel for Plaintiff conferred by telephone on November 4, 2026, made good faith effort to resolve the issues in dispute, and have been unable to do so.

## II. MOTION

City Defendants move to dismiss the United States' single claim seeking declaratory and injunctive relief for lack of subject matter jurisdiction under Federal Rule of Civil Procedure

12(b)(1).

## III. MEMORANDUM OF LAW

### A. Introduction

The City has clearly expressed its position: "Law enforcement officers who are easily identifiable promote transparency in their duties and strengthen trust between agencies and the communities they serve." Portland City Code ("PCC") 23.30.010. The City enacted Ordinance 192184 to advance this belief. The City knew then, and continues to know, that the United States does not share this same belief regarding the ability to identify law enforcement officers. The United States, unsurprisingly, has made it clear that federal law enforcement will not comply with any masking or identification requirements set forth in Ordinance 192184.

Critically, Ordinance 192184 does not include any civil or criminal penalties or other risk associated with non-compliance. Instead, knowing full well the current position of the United States and existing precedent regarding universally applicable rules, the City purposely enacted a limited enforcement mechanism that is the mirror of what the United States brings in this case. Specifically, any action against federal law enforcement would have to be taken by the City—the Ordinance does not create any private right of action—and such action could consist only of requesting judicial intervention to enjoin non-compliance. In short, any enforcement action would look just like this lawsuit, and the City has not initiated such action at this time. Yet rather than waiting until any concrete harm or actual controversy arises, the United States seeks to manufacture a dispute. This is not sufficient to meet the standing requirements for prospective relief, and the Court should dismiss the United States' claim.

### B. Factual and Procedural Background

#### 1. Oregon State Law

On March 31, 2026, the State of Oregon enacted House Bill 4138 ("HB 4138"). HB 4138 imposes identification requirements and masking limitations on all law enforcement officers, including federal law enforcement.



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

Regarding identification, HB 4138, mandates:

> (1) A law enforcement agency operating within this state shall ensure that, while on duty and actively engaged in official law enforcement activities, each law enforcement officer wears a uniform clearly and visibly displaying: (a) The last name of the officer or a unique identifying number associated with the officer in an agency record; (b) The name of the employing agency; and (c) An officially issued badge.
>
> (2) This section does not apply to a law enforcement officer who: (a) Is engaged in undercover duties as part of the regular performance of the officer's official duties. (b) Is engaged in security or escort details as part of the regular performance of the officer's official duties. (c) Responds to exigent circumstances, if the officer is responding to those circumstances while off duty. (d) Is a detective assigned to and actively engaged in investigative duties, including interviewing victims and witnesses.

2026 H.B. 4138, Reg. Sess. (Or. 2006) (hereafter, "HB 4138"), § 1(1)-(2).

Regarding masking, HB 4138, provides:

> (1) A law enforcement officer may not wear a facial covering that conceals or obscures the officer's facial identity while performing official duties except as described in subsection (2) of this section.
>
> (2) Subsection (1) of this section does not apply to a law enforcement officer: (a) Engaged in undercover duties in the regular performance of the officer's official duties. (b) Assigned to a tactical response team, while actively performing tactical duties, if a facial covering is necessary to protect the officer's face from physical harm while performing such duties. For purposes of this paragraph, "tactical response team" includes: (A) A Special Weapons and Tactics (SWAT) team. (B) A hazardous device, bomb or explosive ordnance disposal unit. (C) A chemical, biological, radiological, nuclear or explosive (CBRNE) response unit. (D) A tactical K-9 unit assigned to support high-risk warrant service, hostage rescue, armed barricade response or active shooter response. (c) Working in extreme or severely inclement weather, including freezing temperatures, high wind or highly dusty conditions.

HB 4138, § 4(1)-(2). HB 4138 defines a facial covering and exempts certain facial coverings from the definition. *Id.* at § 2(1).

HB 4138's requirements and restrictions expressly apply to federal law enforcement



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

agencies. HB 4138, § 1(4)(c)(B), § 2(2)(b). Moreover, it provides that "[a]ny person may seek an injunction against a law enforcement agency," including federal law enforcement, "to restrain a threatened or actual violation" of either the identification or the masking provisions. HB 4138, § 13(1). The Act took effect upon passage on March 31, 2026, but certain provisions, including the restrictions on masking, became operative 180 days after the effective date, or September 26, 2026. *Id.* at § 6, § 15.

**2. Portland City Code**

HB 4138 also stated that it did not preempt local government action in the same area. HB 4138, § 1(3). Shortly after the effective date of HB 4138, on May 27, 2026, the Portland City Council passed Ordinance 192184, now codified in Portland City Code Chapter 23.30. Ordinance 192184 took numerous steps to promote transparency and trust in law enforcement. The United States challenges just a portion of that Ordinance.[1] As discussed below, the portions of the Ordinance that the United States challenges mirror the requirements and restrictions of HB 4138. The only substantive difference between the two relates to enforcement—enforcement of Ordinance 192184 is limited to the City, whereas HB 4138 can be broadly enforced by "any person."

The officer identification requirements in Portland City Code require:

> C. Display of identification.
>
> 1. Officers shall visibly display their agency-issued badge, and permanent identifying number or nametag (including their last name) on their outermost garment and carry their agency-issued identification document, except as outlined in Subsections 23.30.025 A.1. and 23.30.030 E.1.
>
> D. Providing identification to the public.
>
> 2. Any person arrested in the City of Portland has the right to

[1] For example, PCC 23.30.050 sets forth a process for the Portland Police Bureau to investigate situations where individuals lacking immediate proof of authority engage in conduct that would be unlawful for a civilian, but lawful for sworn law enforcement. The United States has not challenged this provision, which is designed to ensure Portland Police officers are able to protect Portlanders against people who unlawfully impersonate law enforcement officers.



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

> know the identity of the arresting officer. When practical, safe, and tactically feasible, officers will identify themselves to the subject of arrest, holding, or detention.

PCC 23.30.030(C)-(D).

The mask restrictions set forth in Portland City Code require:

> C. Display of identification
>
> 2. Officers operating in the City of Portland shall not intentionally conceal or obscure their faces through the use of facial coverings except as permitted under Oregon law and Section 23.30.025.

PCC 23.30.030(C).

Facial coverings under Portland City Code are defined as:

> F. Facial covering means any opaque mask, garment, helmet, headgear, balaclava, tactical mask, gaiter, ski mask or other item that conceals or obscures the facial identity of an individual. Facial covering does not include:
>
> 1. A medical-grade mask or respirator, including an N95 medical mask, worn to protect against the transmission of disease or infection;
>
> 2. Any mask, helmet, or device, including air purifying respirators, full or half masks or self-contained breathing apparatuses, necessary to protect against exposure to toxins, gas, smoke, flame or extreme or severely inclement weather;
>
> 3. A motorcycle or bicycle helmet worn while a law enforcement officer is operating a motorcycle, bicycle or other vehicle that requires a helmet for safe operation while in the performance of the officer's duties;
>
> 4. A fire helmet worn during an arson investigation;
>
> 5. Eyewear necessary to protect the eyes from physical objects or retinal weapons;
>
> 6. A translucent face shield or clear mask that does not conceal the wearer's facial identity and is used in compliance with the employing law enforcement agency's policy.

PCC 23.30.020(F); *compare with* HB 4138, § 2(1).

Certain operations are excepted from some masking and identification requirements:

> E. Masking and identification exceptions.



PORTLAND CITY ATTORNEY’S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

> 1. Plainclothes operations. The requirements of Subsections 23.30.030 B., C., and D.1. do not apply to a law enforcement officer who:
>
> a. Is engaged in undercover duties as part of the regular performance of the officer's official duties.
>
> b. Is engaged in security or escort details as part of the regular performance of the officer's official duties.
>
> c. Responds to exigent circumstances, if the officer is responding to those circumstances while off duty.
>
> d. Is a detective assigned to and actively engaged in investigative duties, including interviewing victims and witnesses.
>
> * * *
>
> 3. Facial covering exceptions used by a law enforcement officer shall not be used to impair review of, or accountability for, their official actions.

PCC 23.30.030(E); *compare with* HB 4138, § 1(2)

Portland City Code also expressly allows officers to wear masks in additional circumstances:

> A. Officers may wear facial coverings when:
>
> 1. Engaged in undercover duties in the regular performance of the officer's official duties;
>
> 2. Assigned to a tactical response team, while actively performing tactical duties, if a facial covering is necessary to protect the officer's face from physical harm while performing such duties; or
>
> 3. Working in extreme or severely inclement weather, including freezing temperatures, high wind or highly dusty conditions.
>
> B. For purposes of this Section, tactical response team includes:
>
> 1. A Special Weapons and Tactics (SWAT) team;
>
> 2. A hazardous device, bomb or explosive ordnance disposal unit;
>
> 3. A chemical, biological, radiological, nuclear or explosive (CBRNE) response unit; or
>
> 4. A tactical K-9 unit assigned to support high-risk warrant service, hostage rescue, armed barricade response or active shooter response.

PCC 23.30.025; *compare with* HB 4138, § 4(2).



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

Each of the requirements for masking and identification under Portland City Code are intended to be applied consistently with Oregon legal requirements. PCC 23.30.030(A). And law enforcement officers are required to comply with both the identification and masking requirements in a manner "consistent with all applicable state and federal laws." PCC 23.30.080.

Unlike HB 4138, which empowers "any person" to enforce the applicable provisions through seeking injunctive relief in the courts. PCC 23.30's enforcement beyond the City's own employees is limited to the City seeking prospective relief to enjoin future conduct. The enforcement provision provides:

> A violation of this Chapter does not constitute a criminal offense and is not subject to the general penalty provisions of Portland City Code Section 1.01.110.
>
> This Chapter regulates the conduct of law enforcement officers and agencies while performing official duties and shall be implemented through administrative, supervisory, employment, or civil processes authorized by law.
>
> The Mayor or Council by resolution may authorize the City of Portland to bring a lawsuit seeking injunctive relief requiring officers of an agency to abide by the masking and identification standards of this Chapter that apply to such officers.

**3. Federal Government's Challenge**

Over three months after Ordinance 192184 became effective, and without any actual or threatened enforcement of any provisions of the Ordinance against federal law enforcement officers, the United States Department of Justice contacted Defendants Wilson and Taylor on October 9, 2026. (ECF 1-8). The letter sought assurances that no part of PCC § 23.30 would be enforced against federal law enforcement. (*Id.*). In this letter, the DOJ explained that federal law enforcement will not comply with PCC § 23.30. The letter also suggested that any enforcement of Ordinance 192184 "raise[d] the specter of a confrontation between local and federal law enforcement." (*Id.* at 4).

Defendant Taylor responded to the October 9, 2026 letter on October 12, 2026. (ECF 1-



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

9). He explained that the City was aware of the cited caselaw regarding issues of identification and masking, including *United States v. California*, 173 F.4th 1060 (9th Cir. 2026). Defendant Taylor also emphasized that any enforcement of Ordinance 192184 was limited to civil enforcement. And he noted that, given the enforcement structure, any legal concerns regarding the applicability of the Ordinance could be appropriately raised and heard in a legal proceeding seeking injunctive relief under the Ordinance, should such a proceeding ever be brought. (*Id.*).

On October 15, 2026, the United States filed the Complaint. (ECF 1). The United States seeks a judgment declaring that PCC §§ 23.30.030 and 23.30.100 (together, the "Challenged Laws") violate the Supremacy Clause and are invalid as to federal law enforcement officers. (ECF 1 at ¶ A). The United States similarly seeks to enjoin enforcement of the Challenged Laws against federal law enforcement officers. (ECF 1 at ¶ B).

### C. Argument

#### 1. Legal Standard

Subject-matter jurisdiction is a constitutional requirement of Article III of the United States Constitution, and "[t]he party asserting federal subject matter jurisdiction bears the burden of proving its existence." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) (*citing Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). As the Supreme Court has explained, "[f]ederal courts do not possess a roving commission to publicly opine on every legal question." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). Indeed, because of that constitutional underpinning, "federal courts are required *sua sponte* to examine jurisdictional issues such as standing," whether raised by the parties or not. *Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002) (quoting *B.C. v. Plumas Unified Sch. Dist.,* 192 F.3d 1260, 1264 (9th Cir.1999)); *see also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court *shall* dismiss the action.") (emphases added)).

Because this Court's subject-matter jurisdiction is dependent on standing, Rule 12(b)(1)



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

is the appropriate mechanism for the City to assert that the United States lacks standing to assert its claim or obtain the relief it seeks. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). As the Supreme Court has explained, "standing is not dispensed in gross" and, therefore, "a plaintiff must demonstrate standing for *each* claim he seeks to press." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352–53 (2006) (emphasis added) (citation omitted). Similarly, a plaintiff must demonstrate standing for each type of relief sought. *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008).

Moreover, "[a] Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White*, 227 F.3d at 1242). A facial attack is based on the assertion that the allegations in the complaint are "insufficient on their face to invoke federal jurisdiction." *Id*. "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*.

To establish Article III standing, a plaintiff must satisfy three elements:

> (1) it has suffered an "injury in fact' that is
> (a) concrete and particularized, and
> (b) actual or imminent, not conjectural or hypothetical;
>
> (2) the injury is fairly traceable to the challenged action of the defendant; and
>
> (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 134 (2011) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

A plaintiff's "injury in fact" is not merely a generalized grievance, but "an injury that affects him in a personal and individual way." *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2662 (2013). Moreover, for purposes of injunctive relief, "[a]bstract injury is not enough"—the plaintiff must have sustained or be in immediate danger "of sustaining some direct injury as the



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

result of the challenged" law. *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) (quotation marks and citation omitted).

To establish the second element—traceability—and "survive a motion to dismiss for lack of constitutional standing, plaintiffs must establish a line of causation between defendants' action and their alleged harm that is more than attenuated." *Maya v. Centex Corp.*, 658 F.3d 1060, 1070 (9th Cir. 2011); A*ir Transport Ass'n of America, Inc. v. Jordan*, No. 3:16-CV-00230-HZ, 2016 WL 900267 (D. Or. May 30, 2016). The asserted "injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976); internal ellipses and brackets omitted).

Finally, to establish the final element of constitutional standing—redressability—plaintiffs must allege facts demonstrating that it "be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561 (quoting *Simon*, 426 U.S. at 38, 43; internal quotation marks omitted). A plaintiff lacks standing if, "following a favorable decision, whether the injury would be redressed would still depend on the unfettered choices made by independent actors not before the courts." *Novak v. United States*, 795 F.3d 1012, 1016–17 (9th Cir. 2015) (quoting *ASARCO Inc. v. Kadish*, 490 U.S. 605, 615 (1989)).

Here, United States asserts a single claim, seeking prospective declaratory and injunctive relief against the Challenged Laws. But the United States has not and cannot show that it has "suffered or [is] imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the [Challenged Laws] and likely to be redressed by a favorable judicial decision." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014) (citing *Lujan*, 504 U.S. at 560). Put differently, the United States neither alleged facts nor produced evidence from which this Court could conclude that it has met the three elements of Article III standing as to its requests for declaratory and injunctive relief against the City. Any decision at this stage would be advisory. This Court therefore lacks subject-matter jurisdiction



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

over this action.

### 2. The United States has not alleged injury-in-fact from the Challenged Laws where there is no threatened or possible harm.

Pre-enforcement injury is sufficient for standing where individuals risk prosecution, penalties, or citations were an unconstitutional law to be enforced against them. Here, however, no such risk of harm exists. There are no penalties for violations of the Challenged Laws. There is no risk of citation, criminal prosecution, or civil liability. The "enforcement" provisions as to any federal law enforcement officers are entirely contingent on the City affirmatively asking a court, in a civil proceeding, to enjoin ongoing, future violations of the law. At such a judicial proceeding, the United States would be fully able to raise the very challenge that it raises before this Court—that the Challenged Laws, as enforced against federal law enforcement, violate the Supremacy Clause. Put differently, there is no mechanism in the Challenged Laws for the City to punish or hold to account federal law enforcement for any past violations once they have been committed. Instead, the mechanism provided for in the Challenged law—the right to seek an injunction—is arguably not a legal enforcement mechanism, but merely an equitable remedy for protection against future violations. Because of this extremely narrow mechanism of "enforcement," the United States does not plausibly allege, nor would it have any evidence to demonstrate, that federal law enforcement officers face a credible risk of prosecution, penalties, or fines for their intended non-compliance with the Challenged Laws.

"For pre-enforcement plaintiffs, the injury is the anticipated enforcement of the challenged statute in the future. One need not violate a criminal law and risk prosecution in order to challenge the law's constitutionality." *Peace Ranch, LLC v. Bonta*, 93 F.4th 482, 487 (9th Cir. 2024). To establish injury-in-fact for the purposes of pre-enforcement standing, the United States must allege: "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014) (quoting



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

*Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979)).

The United States' alleged harm or threat of prosecution are based on a misreading of the Challenged Laws. Federal law enforcement officers' intended or actual violations of the Challenged Laws do not, as alleged, subject them to "potential citations" or "significant penalties." (ECF 1 at ¶ 53, 54). In fact, there is no potential criminal or civil consequence to federal law enforcement officers for violations of the Challenged Laws. To the contrary, the Challenged Laws expressly disavow such penalties, explaining that a violation "does not constitute a criminal offense and is not subject to the general penalty provisions" in Portland City Code. PCC 23.30.100. Instead, the Challenged Laws "shall be implemented through administrative, supervisory, employment, or civil processes authorized by law." *Id*. Here, the City exercises no administrative, supervisory, or employment relationship over federal law enforcement. Therefore, the only potential "enforcement," would be civil process. And the Challenged Laws explain that the Mayor or Council may authorize the City to bring a lawsuit seeking injunctive relief to require compliance with the provisions applicable to particular officers. *Id*.

As the United States alleges in the Complaint, the City, including the City Council, as well as Defendants Taylor and Wilson, were not unaware of the existing legal precedent regarding sovereign immunity. (ECF 1 at ¶¶ 4–8). Within the existing legal landscape, the City acted mindfully to ensure that enforcement of the Challenged Laws was limited to affirmative, prospective injunctive relief obtained through judicial process. The City went further by specifically including a savings clause, which provides that "Officers shall comply with this Chapter in a manner consistent with all applicable state and federal laws." PCC 23.30.080. The City acted thoughtfully to avoid any unnecessary extra-legal conflict while these important legal issues regarding federalism, sovereign immunity, and the scope of governmental power were addressed in the courts.

The United States, however, sought to manufacture a threat of enforcement where none



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

existed. Unprompted by any action of the City, the United States requested an assurance of non-enforcement. The response from Defendant Taylor did not, as the United States contends, "reaffirm the City's intent to enforce the Ordinance against federal officers[.]" Rather, it explained the limitations of any enforcement available and the opportunity to bring any legal concerns regarding validity of the Challenged Laws in the civil process that would necessarily precede enforcement of the Challenged Laws. (Compare ECF 1 at ¶ 38 with ECF 1-9). The United States "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending." *Murthy v. Missouri*, 603 U.S. 43, 73 (2024) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013)).

There must be an "actual or threatened interference with the authority of the United States" and not a mere "difference of opinion" to support standing. *United States v. West Virginia*, 295 U.S. 463, 473 (1935); *see, e.g.*, *California v. Texas*, 593 U.S. 659, 670 (2021) ("[O]ur cases have consistently spoken of the need to assert an injury that is the result of a statute's actual or threatened *enforcement*[.]"); *Lujan*, 504 U.S. at 560 (requiring an "invasion of a legally protected interest" to allege an injury-in-fact).

There is no standing to challenge laws and obtain an advisory opinion where there is no threat of harm through enforcement. The Supreme Court addressed this in *California v. Texas*. There, the Court considered a challenge to a federal statutory requirement to carry minimum essential health insurance coverage. 504 U.S. at 669. While the statutory provision mandated the purchase of insurance, it "has no means of enforcement," because the penalty had been zeroed out. *Id*. The Court explained there was no standing in that situation where there was no actual or threatened enforcement, but "only the statute's textually unenforceable language." *Id*. at 670. The Court explained that "[i]n the absence of contemporary enforcement, we have said that a plaintiff claiming standing must show that the likelihood of future enforcement is 'substantial.'" *Id*. at 670.

The City's enforcement mechanism is also similar to the mechanisms for enforcement of



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

the policy drafting requirements that the district court found the United States lacked standing to challenge in *United States v. California*, 819 F. Supp.3d 1109 (C.D. Cal. 2026), *overturned on other grounds by United States v. California*, No. 26-926, 2026 WL 3071018, *3 (9th Cir. Oct. 14, 2026) (noting that the United States did not challenge the Article III standing decision regarding the policy provisions on appeal). There, the court explained that the challenged act required law enforcement agencies to maintain and publicly post a written policy regarding facial coverings. *Id*. at 1117. The California act then provided that a policy could be challenged by a member of the public through notice to the agency and subsequently through proceeding to a court of competent jurisdiction to seek judicial determination. *See* Cal. S.B.805, § 2, 2025-2026 Reg. Sess. (Cal. 2025). The court concluded that the United States lacked standing to challenge the policy statement provisions "because these provisions do not carry any penalties for noncompliance, and there will not be any compliance costs because 'no federal agency intends to issue the policy statements that California requires.'" 819 F. Supp.3d at 1121. Here too, because the Challenged Laws carry no penalties for noncompliance and do not impose any compliance costs where the United States has stated its intent not to comply, the United States lack standing to bring its claim.

This limited enforcement mechanism, drafted with the knowledge that this was a rapidly changing area of law, makes the Challenged Laws unique when compared to the other challenged laws cited by the United States in the Complaint. *See United States v. California*, 2026 WL 3071018 at *2 (violation of identification display requirements punishable as a misdemeanor); *United States v. Virginia*, No. 3:26-CV-545, 2026 WL 2411521 (E.D. Va. Aug. 18, 2026) (challenged law, Va. Code § 19.2-83.6:2 provides that a violation is a class 1 misdemeanor); *United States v. City of Phila.*, 838 F. Supp. 3d 436, 440 (E.D. Penn. 2026) ("If officers fail to comply, the Bill subjects them to serious civil and criminal penalties"); *United States v. New York*, No. 1:26-CV-1360 (MAD/ML), 2026 WL 2225423, *3 (N.D.N.Y. Aug. 3, 2026) (challenged law provided that a person who willfully violates "shall for a first offense be



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

guilty of a violation and each subsequent offense shall be guilty of a misdemeanor.”).

Moreover, the United States’ allegation that the Challenged Laws inflict a “sovereign injury” (ECF 1 at 44–45), cannot create injury-in-fact where there is none. On the United States’ theory, it could sue over any state or local law it disliked, simply by conjuring an alleged conflict with federal law. “The potential for abuse of the federal courts for political purposes is manifest.” *United States v. California*, 824 F. Supp. 3d 1079, 1085 (C.D. Cal. 2026). For these reasons, courts have repeatedly rejected this theory of standing. *See, e.g.*, *United States v. City of Bos.*, 833 F. Supp. 3d 30, 45 (D. Mass. 2026) (rejecting similar claim and noting “no on-point authority” for the United States’ position); *California*, 824 F. Supp. 3d at 1083 (“Plaintiff presents no binding authority holding that the mere *existence* of a preempted state law creates a sovereign injury to the federal government.”); *United States v. Hawaii*, 830 F. Supp. 3d 1028, 1040 (D. Haw. 2026) (finding no standing, despite alleged injury to United States’ “sovereignty,” because “[t]he Complaint does not describe any concrete injury”); *United States v. Michigan*, 817 F. Supp. 3d 630, 646 (W.D. Mich. 2026) (rejecting generalized sovereign interest standing).

The cases that the United States cites in the Complaint similarly do not support the notion that there may be sovereign injury in the absence of concrete harms. In *Arizona v. Yellen*, 34 F.4th 841 (9th Cir. 2022), the Ninth Circuit found that Arizona had alleged “concrete and particularized harms to its ability to exercise its sovereign prerogatives.” *Id.* at 851–53. Specifically, the court acknowledged that it was without jurisdiction to “adjudicate ‘abstract questions of political power, of sovereignty,” but nonetheless recognized that the quasi-contractual funding offer could be challenged “for offering conditions that are unconstitutionally ambiguous or coercive.” *Id.* By contrast, here, the United States has not, and cannot, allege that the Challenged Laws, which it has stated it will not comply with and for which non-compliance presents no concrete injury or harm, would be anything more than adjudicating abstract questions of sovereignty.



PORTLAND CITY ATTORNEY’S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

In *Vt. Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765 (2000) the Court considered standing in a False Claims Act case. It concluded that an injury to the United States can exist both from "injury to its sovereignty arising from violation of its laws (which suffices to support a criminal lawsuit by the Government)" and 'the proprietary injury resulting from the alleged fraud' against the federal government." *Id*. at 771. There is no suggestion from *Vt. Agency of Nat. Res.*, that the United States has roving authority to snuff out state and local laws that it disfavors, in the absence of any threat or likelihood of enforcement against federal actors. This would far exceed the authority of the Court.

In fact, multiple courts have explained how the "sovereign injury" theory would invite advisory opinions that eviscerate the standing requirement for the federal government. *See United States v. City of Bos.*, 833 F. Supp. at 45 ("The implications of this argument are sweeping."); *United States v. California*, No. 2:25-cv-06230-MCS, 824 F.Supp.3d 1079, 1084–86 (C.D. Cal. Mar. 18, 2026) (noting theory that "mere existence of a preempted state law creates a sovereign injury to the federal government" is not supported by binding authority and has potentially sweeping consequences).

"This Court cannot be umpire to debates concerning harmless, empty shadows." *Poe v. Ullman*, 367 U.S. 497, 508 (1961). Nonetheless, that is exactly what the United States asks this Court to do here. Any "enforcement" of the Challenged Laws, should the City ever decide to bring such a proceeding, would mirror the procedure of this lawsuit—the City would ask the court to prospectively require federal law enforcement officers to comply with the Challenged Laws. In such an instance, this court could adjudicate the merits of the United States' Sovereign Immunity challenge. But there is no guarantee such action will ever materialize. To circumvent such actual enforcement in order to get a decision now is the very definition of an advisory opinion. The Court lacks jurisdiction to issue it.

///

///



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

**3. Resolution of this case would not redress the United States's concerns where Oregon law independently bars the same conduct.**

The United States seeks a declaration that the Challenged Laws are invalid and an injunction as to federal law enforcement. But the United States does not address how such relief would redress their alleged harm where an unchallenged Oregon law, imposing the very same requirements and enforceable in a broader manner, remains in effect. Even if this Court eliminates any hypothetical impact of the Challenged Laws, federal law enforcement officers and the United States would remain in the very position they are in today with respect to masking and identification within the City of Portland.

"To determine whether an injury is redressable," the court "consider[s] the relationship between the judicial relief requested and the injury suffered." *Murthy*, at 73 (quoting *California v. Texas*, 593 U.S. 659). Here, as discussed above, the United States' injury is wholly conjectural. However, to the extent the mere possibility of having to raise the very arguments made here in this court at a later date were injury-in-fact, that injury is not addressed by the relief this Court can grant. Oregon law prohibits law enforcement officers in Portland from engaging in the very masking prohibited by the Challenged Laws and mandates the same identification requirements. *See* H.B. 4138. If, as the United States asserts, federal law enforcement officers will not comply with the masking or identification requirements of the Portland City Code, then such actions will similarly fall outside the requirements of Oregon law. And this noncompliance will subject them to the same, or greater, risk that someone will seek an injunction to mandate compliance with Oregon law.

The United States may argue that relief from the Challenged Laws is simply a partial remedy and, therefore, meets the redressability requirement for standing. This is not so. It is correct that "the ability 'to effectuate a partial remedy' satisfies the redressability requirement." *Uzuegbunam v. Preczewski*, 592 U.S. 279, 291 (2021). But enjoining a local ordinance, where a state law imposes the same restrictions or requirements, does not satisfy the redressability requirement. *See United States of Am. v. City of New York*, No. 25-CV-04084 (RER) (PK), 2026



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

WL 3083753, at *4 (E.D.N.Y. Oct. 15, 2026) ("New York law forecloses relief."); *United States v. City of Bos.,* 833 F. Supp. at 43 ("The moral victory of a favorable federal-court opinion . . . is inadequate (and irrelevant); it is a court's judgment, not its opinion, that provides redress."); *United States v. City of Newark*, No. 25-CV-5081, 2026 WL 1816022, at *18 (D.N.J. June 24, 2026) ("A plaintiff cannot establish redressability when the requested relief would remove one source of injury, but leave another independent source in place, producing no practical change."); *Kaspersky Lab, Inc. v. U.S. Dep't of Homeland Sec.*, 909 F.3d 446, 465 (D.C. Cir. 2018) (plaintiff lacked standing to challenge agency directive where statute "prohibits all the same conduct" and "invalidation of the [d]irective alone would do nothing to help [plaintiff's] plight as long as [the statute] remains good law").

Here, the remedy sought from this Court "cannot alleviate the United States' 'operational' injury, even in part, [therefore] the United States has not plausibly shown redressability." *United States v. City of Bos.*, 833 F. Supp. 3d at 43. A declaration of invalidity or an injunction of the Challenged Laws as applied to federal law enforcement would not change any alleged injury to the United States. The purported injury "would still exist regardless of the outcome of the lawsuit because the challenged conduct was also prohibited by a different state policy not before the court." *United State v. New Jersey*, No. CV 26-1770 (GC) (JTQ), 2026 WL 2621025, at *5 (D.N.J. Sept. 4, 2026). Because any purported "injury" caused by the Challenged Laws would remain even if such laws were enjoined, the United States separately lacks standing on the basis of redressability.

## IV. CONCLUSION

There are pressing legal issues to be addressed every day before this Court. This Court is not, however, an advisory body to seek legal opinions in the absence of any case or controversy. Here, there is no such case or controversy. The United States has not alleged nor could it produce factual support for the position that it has suffered injury-in-fact as a result of the Challenged Laws. It has similarly failed to address how any hypothetical injury could be redressed when



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

Oregon law imposes the same mandates on federal law enforcement officers within Portland. For each of these separate reasons, the Court lacks subject matter jurisdiction to hear the United States's claim and should grant the City Defendants' Motion to Dismiss.

DATED: November 10, 2026

Respectfully submitted,

*/s/ Naomi Sheffield*

NAOMI SHEFFIELD, OSB No. 170601
Chief Deputy City Attorney
naomi.sheffield@portlandoregon.gov
MICHAEL K. PORTER, OSB No. 211377
Senior Deputy City Attorney
mike.porter@portlandoregon.gov
*Attorneys for Defendant City of Portland, Keith Wilson, and Robert Taylor*